UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANK HUNTER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-278 |
| | ) | |
| SUPERINTENDENT, INDIANA | ) | |
| STATE PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Respondent's response to this Court's order to show cause in which he argues that the Petitioner's petition for writ of habeas corpus is untimely. For the reasons set forth below, pursuant to 28 U.S.C. § 2244(d)(1), the petition is **DISMISSED**, and the Clerk is **DIRECTED** to close this case.

BACKGROUND

Petitioner Frank Hunter, a prisoner confined at the Indiana State Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 Marion County conviction for class A felony Conspiracy to Commit Murder and his resulting 35-year sentence. Hunter was sentenced on October 9, 2002. (DE 7-2 at 12). Hunter signed his petition for writ of habeas corpus on June 10, 2009, and it was filed with the Clerk of this Court on June 19, 2009.

DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations. A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for writ of certiorari denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). The statute of limitations is tolled for that period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4,5 (2000).

Hunter did not take a direct appeal from his conviction, though subsequently, on November 29, 2006, he filed a petition for permission to file a belated direct appeal under Indiana Rule of

Post-Conviction Procedure 2. (DE 7-3). The trial court denied that request the following day. (*Id.*). Hunter filed a petition for post-conviction relief on January 22, 2007, which the trial court denied. The Indiana Court of Appeals affirmed the denial of the petition for post-conviction relief on July 8, 2008. (DE 7-7).

Hunter was sentenced on October 9, 2002. (DE 7-2 at 12), and he does not assert that any of the other predicates listed in Section 2244(d)(1) are present in this case. Accordingly, Hunter's conviction was final on November 8, 2002, when the time to take a direct appeal expired. The statute of limitations on Hunter's conviction began to run on November 8, 2002, and ended on November 9, 2003, unless tolled. Hunter's section 2254 habeas corpus petition was signed on June 10, 2009, and filed with the Clerk of this Court on June 19, 2009.

It is not clear that a petition for permission to file a belated direct appeal under Indiana Rule of Post-Conviction Procedure 2 tolls the statute of limitations but, in any event, he did not file his request for leave to file a belated appeal until three years after the statute of limitations had already run. His petition for post-conviction relief would have tolled the statute of limitations had it been filed before the statute of limitations ran, but it too was filed years after the statute had already run. Accordingly, The statute of limitations was not tolled by any of Hunter's filings in state court, his federal petition for writ of

3

habeas corpus is untimely pursuant to § 2244(d)(1), and his claims are time-barred.

CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), and **DIRECTS** the Clerk to close this case.

**DATED: November 20, 2009**          **/S/RUDY LOZANO, Judge**
                                                    **United States District Court**